UNITED STATES DISTRICT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EFFICIENT AND RELIABLE OF MICHIGAN, INC.
d/b/a CO/OP OPTICAL VISION DESIGNS,

        Plaintiff,

v.

ARTIS THOMAS,

        Defendant.

_____/

Case: 2:07-cv-11086
Assigned To: Roberts, Victoria A
Referral Judge: Morgan, Virginia M
Filed: 03-14-2007 At 09:40 AM
CMP EFFICIENT AND RELIABLE V THOMAS
(RRH)

BUTZEL LONG
By: Michael G. Latiff (P51263)
150 W. Jefferson
Suite 100
Detroit, MI 48226
(313) 225-7000
**Attorneys for Plaintiff**

_____/

## VERIFIED COMPLAINT

For its Verified Complaint against Defendant Artis Thomas, Plaintiff, Efficient and Reliable of Michigan, Inc., states as follows:

## PARTIES, JURISDICTION AND VENUE

1.    Efficient and Reliable of Michigan, Inc. d/b/a Co/Op Optical Vision Designs ("Co/Op Optical"), is a Michigan domestic not for profit organization, organized under the laws of the State of Michigan which operates and does business in the City of Detroit, County of Wayne, State of Michigan.

2.    Upon information and belief, Artis Thomas, ("Thomas"), is a resident of the City of Eastpointe, County of Macomb, State of Michigan.

3.      Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. §1331 because Thomas' acts constitute violations of Federal Law, including the Computer Fraud and Abuse Act, 18 U.S.C. §1030. This Court has supplemental jurisdiction over any and all related state law claims pursuant to 28 U.S.C. §1367.

4.      Venue is proper in this Court pursuant to 28 U.S. C. §1391.

## GENERAL ALLEGATIONS

5.      Thomas began her employment with Co/Op Optical on or about August 13, 2001 as a Payroll/Human Resource Assistant. On or about February 1, 2002, Thomas was promoted to Payroll/Human Resources Manager, a position she held until her termination on or about February 9, 2007.

6.      As Payroll/Human Resources Manager, Thomas reported directly to the President and CEO of Co/Optical, Jackee Smith ("Smith").

7.      During the years 2004 and 2005, Thomas was reprimanded by Co/Op Optical for violations of company rules, and later, for sending electronic communications containing confidential and proprietary information to Thomas' home email account.

8.      On or about November 14, 2006, Thomas was specifically reprimanded for sending emails to her home account containing proprietary and confidential information. As a result of this action, Thomas was advised yet again against such activity and was placed on probation. Additionally, Thomas was instructed to refrain from forwarding any emails, she was removed from attending Directors meetings and was removed from any ongoing union negotiations. It was specifically provided at that time that if further violations of company policy occurred, Thomas would be terminated.

2

9.      On or about February 9, 2007, it was determined that Artis Thomas had again violated company policies and her employment with Co/Op Optical was terminated.

10.     Immediately following the termination meeting in the Human Resources office, Thomas went back to her computer and began to execute computer commands.

11.     At this point, and within minutes, Smith demanded that Thomas immediately cease and desist from such activity and leave the premises.

12.     Thomas refused to leave and ignored the instruction from Smith.

13.     As a result, Smith was caused to take the computer keyboard in order to stop Thomas from further inputting computer commands.

14.     At that point Thomas left the premises and Smith attempted to identify what function or impact Thomas had performed on the computer or the system network.

15.     Shortly thereafter, Co/Op Optical retained the services of an independent computer forensic specialist, Spectrum Computer Forensics and Risk Management, LLC, to analyze and determine what damage Thomas' accessing of the computer had caused.

16.     It was determined that Thomas had intentionally and purposefully caused company information to be deleted from both Thomas' CPU hard drive, and the Co/Op Optical system network, including, but not limited to her Co/Op Optical email file (i.e. Outlook .pst file).

17.     The Outlook software application allows company personnel to utilize email both internally and externally.  It was determined through forensic analysis that Thomas' email Outlook files had been purposefully and intentionally deleted from both the system network and the hard drive on her designated CPU, such that Thomas had virtually no email traffic from

3

approximately July of 2006 through the date of termination. This is an impossibility as she

utilized email on a daily basis in her role as Payroll/Human Resources Manager.

18. While Co/Op Optical's forensic analysis is ongoing, it has been confirmed that

Thomas purposefully and intentionally deleted and destroyed company documents without

authorization.

## COUNT I – VIOLATION OF FEDERAL COMPUTER FRAUD AND ABUSE ACT 18 U.S.C. §1030 ET.SEQ.

19. Plaintiff incorporates by reference the preceding Paragraphs of this Complaint as

though fully stated herein.

20. The Federal Computer Fraud and Abuse Act ("CFAA") provides that it is a

violation of the Act to:

> knowingly and with intent to defraud, accesses a protected
> computer without authorization, or exceeds authorized access, and
> the means of such conduct furthers the intended fraud and obtains
> anything of value, unless the object of the fraud and the thing
> obtained consists only of the use of the computer and the value of
> such use is not more than $5,000 in any one year period; 18 U.S.C.
> §1030 a (4) .

21. The CFAA also provides:

> (A) (i) that whoever knowingly causes the transmission of a program,
> information, code, or command, and as a result of such conduct,
> intentionally causes damage without authorization, to protect a computer;
> (ii) intentionally accesses a protected computer without authorization, and
> as a result of such conduct, recklessly causes damages; or (iii)
> intentionally accesses a protected computer without authorization, and as
> a result of such conduct, causes damage;
>
> (B) by conduct described in (i), (ii), (iii) of subparagraph (A) caused. . .
>
> (i) loss to any one or more persons during the one  year  period. . .
> aggregating at least $5,000 in value. . .

18 U.S.C. §1030 (a)(5).

4

22.      Furthermore the CFAA provides that "any person who suffers damage or loss by reason of a violation of this section may maintain a civil action against the violator to obtain compensatory damages and injunctive relief for other equitable relief. . .". 18 U.S.C. §1030 (g).

23.      Finally, the CFAA provides that the term loss means "any reasonable cost to any victim" and includes "the cost of responding to a defense, conducting a damage assessment. . . and any revenue lost, cost incurred, or other consequential damages incurred. . .". 18 U.S.C. §1030 (e) (11).

24.      Thomas knowingly accessed Co/Op Optical's computers with the intention of defrauding, Co/Op Optical, and damaging and deleting critical information of Co/Op Optical.

25.      Furthermore, Thomas knowingly caused the transmission of programs, information, code or commands which caused damage to Co/Op Optical, without authorization, and specifically in disregard of specific instructions to Thomas.

26.      Thomas deleted critical information to hide, defraud, cover up the transmission of information external to Co/Op Optical of company information causing damage as a result.

27.      Furthermore, Co/Op Optical has engaged in efforts to identify the loss including conducting a damage assessment and restoring data in attempting to recover the information that had been deleted and/or transferred by Thomas in excess of $5,000.

WHEREFORE, Co/Op Optical requests this Court (i) enter a judgment in its favor and against Thomas in an amount in excess of $5,000 exclusive of costs, interest and reasonable attorney fees, (ii) issue an Order declaring that Thomas must return all confidential, proprietary and unauthorized information and allow Co/Op Optical access to her personal computer email and devices for the conduction of a forensic analysis in order to confirm the return and deletion of all materials, and (iii) award any other such relief that this Court deems appropriate.

5

## COUNT II – CONVERSION

28.     Plaintiff incorporates by reference the preceding Paragraphs of this Complaint as though fully stated herein.

29.     Thomas, has intentionally converted and misappropriated property of Co/Op Optical for her own use and benefit without the express or implied consent of Co/Op Optical.

30.     Thomas has an obligation to return Co/Op Optical's property to Co/Op Optical.

31.     Thomas has (i) wrongfully taken and converted Co/Optical's property, to wit, confidential information, without Co/Op Optical's consent and in direct disregard of Co/Op Optical's company policy and instruction; and (ii) interfered with Co/Op Optical's ability to use its confidential information in violation of Co/Op Optical's possessory rights and in beneficial ownership of the property.

32.     Co/Op Optical has possessory rights in, and beneficial ownership of, the property taken and converted by Thomas' wrongful conduct.

33.     Thomas' failure and refusal to return Co/Op Optical's property is unlawful and in violation of Co/Op Optical's possessory rights in, and beneficial ownership of, its property.

34.     As a direct and proximate consequence of Thomas' wrongful conduct in converting for herself Co/Op Optical's property, Co/Op Optical has and continues to suffer damages.

35.     Additionally, Co/Op Optical is entitled to three times the amount of its actual damages plus its costs and reasonable attorneys' fees pursuant to MCL §600.2919(a).

WHEREFORE, Co/Op Optical requests this Court (i) enter a judgment in its favor and against Thomas in an amount in excess of $5,000 exclusive of costs, interest and reasonable attorney fees, (ii) issue an Order declaring that Thomas must return all confidential, proprietary

and unauthorized information and allow Co/Op Optical access to her personal computer email

and devices for the conduction of a forensic analysis in order to confirm the return and deletion

of all materials, and (iii) award any other such relief that this Court deems appropriate.

BUTZEL LONG

By:_____

Michael G. Latiff (P51263)
150 W. Jefferson
Suite 100
Detroit, MI 48226
(313) 225-7000
**Attorneys for Plaintiff**

Dated: 3/14/07

908358

7

## VERIFICATION

I, Jackee Smith, President and CEO of Efficient and Reliable of Michigan, Inc. d/b/a Co/Op Optical Vision Designs, do state under oath that I have read this Verified Complaint in its entirety and the factual allegations contained herein are true and accurate to the best of my information, knowledge and belief.

Jackee Smith

Subscribed and sworn to before me this
13th day of March, 2007.

KRISTEN H. PONCEDELEON
Notary Public, State of Michigan
County of Macomb
My Commission Expires Mar. 26, 2012
Acting In the County of Wayne

8

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the clerk of the Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| EFFICIENT AND RELIABLE OF MICHIGAN, INC. d/b/a CO/OP OPTICAL VISION DESIGNS, | ARTIS THOMAS |

**COUNTY IN WHICH THIS ACTION AROSE** WAYNE

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Macomb County, MI
(IN U.S. PLAINTIFF CASES ONLY)

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Wayne County, MI
(EXCEPT IN U.S. PLAINTIFF CASES)

NOTE   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS. AND TELEPHONE NUMBER)

Michael G. Latiff (P51263)
Timothy J. Lowe (P68669)
Ste. 100, 150 W. Jefferson
Detroit, MI 48226
(313) 225-7000

ATTORNEYS (IF KNOWN)

Maroun Hakim (P28489)
29900 Harper Ave, #E
Saint Clair Shores, MI  48082
(586) 415-4900

## II. BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY)

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- x 3  Federal Question (U.S. Government Not a Party)
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III))

## III. CITIZENSHIP OF PRINCIPAL PARTIES
(For I

Citizen of T
Citizen of A
Citizen or S
Foreign Co

Case: 2:07-cv-11086
Assigned To: Roberts, Victoria A
Referral Judge: Morgan, Virginia M
Filed: 03-14-2007 At 09:40 AM
CMP EFFICIENT AND RELIABLE V THOMAS
(RRH)

## IV. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 810 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med Malpractice | ☐ 620 Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs | ☐ 830 Patents | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety Y Health | ☐ 840 Trademarks | ☐ 810 Selective Services |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suit | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | | ☐ 861 HIA (1395FF) | ☐ 875 Customer Challenge 12 USC 3410 |
| x 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | | ☐ 863 DIWC/DIWW(405(g)) | ☐ 892 Economic Stabilization Act |
| | | | | ☐ 864 SSID Title XVI | |
| | | | | ☐ 865 RSI (405(g)) | |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matter |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 710 Fair Labor Standards Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS** | ☐ 720 Labor/Mgt. Relations | ☐ 871 IRS   Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 730 Labor/Mgt. Reporting & Disclosure Act | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act | | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 790 Other Labor Litigation | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Sec. Act | | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN
(PLACE AN X IN ONE BOX ONLY)

- x 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Computer Fraud and Abuse Act, 18 U.S.C. §1030.

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $

Check YES only if demanded in complaint
JURY DEMAND:  ☐ YES   x NO

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE _____    DOCKET NUMBER _____

DATE    March 14, 2007

SIGNATURE OF ATTORNEY OF RECORD

x _____
Michael G. Latiff (P51263)

UANT TO LOCAL RULE 83.11

|  | Is this a case that has been previously dismissed? | ☐ | Yes |
|--|--|--|--|
|  |  | x | No |

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

| 2. | Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court?  (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.) | ☐ | Yes |
|--|--|--|--|
|  |  | x | No |

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

Notes: _____